IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MYUNG KEE HWANG and<br>LINDA HWANG<br>224 Country Club Drive<br>Moorestown, NJ 08057 | : <br> : <br> : <br> : <br> : | Civil Action No. _____ |
| Plaintiffs, | : <br> : | |
| v. | : <br> : | |
| CAFÉ DEVELOPMENT GROUP NYC,<br>LLC<br>2620 East Tioga Street<br>Philadelphia, PA 19134 | : <br> : <br> : <br> : <br> : | |
| Defendant. | : | |

## COMPLAINT IN CONFESSION OF JUDGMENT FOR MONEY DAMAGES

Myung Kee Hwang and Linda Hwang ("Plaintiffs"), by and through their undersigned counsel, bring this action, pursuant to Pennsylvania Rules of Civil Procedure 2950, *et seq.*, to obtain a money judgment by confession against defendant Café Development Group NYC, LLC ("Defendant") for all sums due under that Promissory Note dated August 24, 2011. In support thereof, Plaintiffs aver as follows:

### Parties, Jurisdiction and Venue

1. Plaintiffs are individuals having an address of 224 Country Club Drive, Moorestown, NJ 08057.

2. Defendant is a Pennsylvania Limited Liability Company having an address of 2620 East Tioga Street, Philadelphia, PA 19134.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue in this district is proper (a) because Defendant does business in this district and consented to the jurisdiction of United States District Court for the Eastern District of Pennsylvania; and (b) under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## Underlying Transaction

5. On August 24, 2011, the Defendant entered into a Promissory Note with Plaintiffs, pursuant to which Plaintiffs agreed to lend to Defendant a sum of $297,500.00. A true and correct copy of the Promissory Note is annexed hereto as **Exhibit A** and incorporated herein by reference.

6. On August 24, 2011, the Defendant entered into a Security Agreement with Plaintiffs, whereby Defendant granted Plaintiffs a continuing lien on and security interest in all of Defendant's personal property, as defined therein. A true and correct copy of the Security Agreement is annexed hereto as **Exhibit B**.

7. Plaintiffs have faithfully and in good faith fulfilled all of their obligations under the Promissory Note and have otherwise performed all acts necessary to preserve all of their rights under the Promissory Note.

## Averment of Default

8. Among the obligations imposed on Defendant under the Promissory Note are: (a) to deliver to Plaintiffs a personal financial statement for Todd Carmichael, Jean-Philippe Iberti and Tobin Bickley annually on or before April 30 of each year for the year then ended, (b) to deliver to Plaintiffs a copy of the federal income tax return for Todd Carmichael, Jean-Philippe Iberti and Tobin Bickley annually on or before April 30 of each year for the year then ended, (c) to deliver to Plaintiffs an annual financial statement for the Borrower (*i.e.*, Defendant), annually on or before April 30 of each year for the

year then ended, and (d) to permit Plaintiffs to access its books and records and, upon reasonable notice, to allow Plaintiffs to audit and examine said books and records.

9. Defendant has defaulted under the terms of the Promissory Note by failing to timely deliver to Plaintiffs (a) a personal financial statement for Todd Carmichael, Jean-Philippe Iberti and Tobin Bickley annually on or before April 30 of each year for the year then ended, (b) a copy of federal income tax returns for Todd Carmichael, Jean-Philippe Iberti and Tobin Bickley annually on or before April 30 of each year for the year then ended, and (c) an annual financial statement for the Borrower (*i.e.*, Defendant), annually on or before April 30 of each year for the year then ended.

10. Defendant has also defaulted under the terms of the Promissory Note by refusing to provide Plaintiffs with requested financial documents necessary to conduct an audit, despite several requests by Plaintiffs.

11. Defendant's defaults under the Promissory Note, as described above, constitute events of default under the Promissory Note and entitle Plaintiffs to exercise various legal remedies available both under the Promissory Note and at law and in equity generally.

12. The Promissory Note contains a warrant of attorney (the "Warrant") whereby and upon the occurrence of an event of default under the Promissory Note the Defendant authorized and empowered any attorney of any court of record to appear on its behalf to confess judgment against Defendant without prior notice to Defendant or prior opportunity to be heard for all sums due under the Promissory Note, together with costs of suit, including reasonable attorneys' fees.

13. The Warrant specifies that Plaintiffs are entitled to include within any judgment confessed thereunder reasonable attorneys' fees. Although Plaintiffs have not included a sum certain for such reasonable attorneys' fees, Plaintiffs reserve the right to do so by way of motion hereafter.

14. In connection with its execution and delivery of the Promissory Note, Defendant executed on August 24, 2011, a Confession of Judgment Explanation and

Disclosure of Rights/Waivers with Plaintiffs, a true and correct copy of which is annexed hereto as **Exhibit C** and incorporated herein by reference.

### Averment Concerning Notice

15.   The Promissory Note does not require any notice prior to commencement of this action or prior to entry of judgment herein.

### Itemization of Amounts Due

16.   The following amounts are due as of April 1, 2014:

| | |
|---|---|
| Principal Balance: | $218,919.52 |
| Interest | $2,280.41 |
| Attorneys' Fees | $TBD |
| Court and Service Costs | $TBD |
| **TOTAL DUE** | **$221,199.93** |

17.   As of the date of the complaint, none of the above amounts have been paid.

### Statement Concerning Prior Judgments

18.   No prior judgments against Defendant on the Warrant contained in the Promissory Note have been entered in this or any other jurisdiction.

### Averment Regarding Fact That Judgment Is Not For Obligation under Consumer-Credit Transaction

20.   The Promissory Note executed by the Defendant is not a consumer-credit transaction and the judgment being entered herein is not related to a consumer-credit transaction.

### Statement Concerning Assignments

21.     There has been no assignment of the Promissory Note by Plaintiffs or Defendant.

### Demand for Judgment

22.     By virtue of the above averments and pursuant to the Warrant contained in the Promissory Note, Plaintiffs are entitled to immediate entry of a judgment in their favor and against Defendant for the amounts due under the Note, plus interest, costs and attorneys' fees to be determined hereafter.

WHEREFORE, Plaintiffs demand that judgment be entered in their favor and against Defendant in the amount of $221,199.93, together with interest at the default rate (currently 12.5% per annum) from after January 1, 2014, plus costs of suit and attorneys' fees to be determined hereafter.

Dated: March 25, 2014

_____
Y. Jae Kim (Atty. I.D. No. 205117)
Kim Winston LLP
1307 White Horse Road, Suite 601
Voorhees, NJ 08043
(856) 520-8988
Attorneys for Plaintiffs